New York Constitution Article 13, § 13; County Law §§ 400(1), 650; Corrections Law § 500-c; Public Officers Law § 3; Executive Law § 845; Criminal Procedure Law §§ 1.20(34), 1.20(34)(b), 120.60, 120.80, 140.10, 140.50, 690.251.20(34), 1.20(34)(b), 120.60, 120.80, 140.10, 140.50, 690.25; Civil Service Law §§ 58, 58(1), 58(3); General Municipal Law §§ 209-q, 209-q(1)(a), 209-q(1)(b), 209-q(2); Penal Law §§ 35.30, 265.20(a)(1)(b)

Sheriffs have the powers accorded police officers under the Criminal Procedure Law but are not mandated to get police officer training.

January 13, 2021


Michael Flaherty                                    Formal Opinion
Acting Counsel                                      No. 2021-F1
Division of Criminal Justice Services
80 South Swan Street
Albany, NY 12210


Dear Mr. Flaherty:

Your predecessor requested an opinion regarding the status of a county sheriff as a "police officer" under various statutes and the powers inuring to the sheriff resulting from that status. The question arises because the Division of Criminal Justice Services (DCJS) administers several laws regarding police officers, and their definitions of "police officer" differ. The Criminal Procedure Law, granting police officer powers, includes sheriffs in its definition of "police officer," while the Civil Service Law and General Municipal Law, establishing fitness and training requirements for police officers, exclude sheriffs from their definitions of that term. As explained below, the result is sheriffs have the powers accorded police officers under the Criminal Procedure Law but are not mandated to get police officer training.

A sheriff is a county officer, generally elected by the electors of the county to a term of four years. N.Y. Const., Art. 13, § 13; County Law § 400(1). The sheriff is the chief executive of an office with diverse responsibilities. The sheriff's office has both civil and law enforcement functions, including serving process for both courts and private entities or individuals; executing court orders; administering the county correctional facility and keeping custody of its inmates; and providing police services such as crime investigation, emergency rescue, and traffic patrol. *See*, *e.g.*, County Law § 650; Corrections Law § 500-c.

State law establishes the same qualifications for a person to be elected sheriff as for other county offices: he or she must be at least 18 years old, a citizen of the United States, and a resident of New York and of the county for which he or she is chosen. Public Officers

Law § 3. State law does not establish having been trained with respect to the exercise of police powers as a qualification for election to the office of sheriff.

Your first question is whether a sheriff is registered and classified as a police officer. Executive Law § 845 provides that DCJS "shall collect information to maintain, on a current basis, a registry of all police officers and peace officers in the state." Executive Law § 845(1). For purposes of the registry, "police officer" means a person designated as a police officer in Criminal Procedure Law § 1.20(34). And section 1.20 of the Criminal Procedure Law establishes that "sheriffs, under-sheriffs[,] and deputy sheriffs of counties outside of New York City" are "police officers." Criminal Procedure Law § 1.20(34)(b). Consequently, a sheriff must be included on DCJS's registry as a police officer.

With respect to whether a sheriff is classified as a "police officer" under the Civil Service Law, the answer is no. Civil Service Law § 58(1) establishes several criteria in the areas of age, education, physical fitness, and moral character that an individual must meet to be eligible for appointment in the competitive class of the civil service as a police officer. For purposes of section 58, "police officer" means a police officer in the Department of Environmental Conservation, the State University Police, a member of the regional State Park Police, or of a police force, police department, or other organization of a county, city, town, village, housing authority, transit authority, or police district, who is responsible for the prevention and detection of crime and the enforcement of the general criminal laws of the State. Sheriffs and under-sheriffs, along with other supervisory positions in local law enforcement agencies, are expressly excluded from this definition.[1] Civil Service Law § 58(3). Consequently, a sheriff is not classified as a police officer who is subject to civil service requirements for appointment.

In addition to the criteria set by Civil Service Law § 58, a person cannot be appointed "on a permanent basis as a police officer of any county, city, town, village[,] or police district" unless he or she has been certified by the Municipal Police Training Council—established within DCJS—as having satisfactorily completed an approved municipal police basic training program. General Municipal Law § 209-q(1)(a). A "police officer" who must be so certified is "a member of a police force or other organization of a municipality or a detective or rackets investigator employed by the office of the district attorney in [New York City,] who is responsible for the prevention or detection of crime and the enforcement of the general criminal laws of the State." General Municipal Law § 209-q(2). Again, sheriffs and under-sheriffs, along with other local law enforcement supervisory positions, are expressly

---

[1] In addition to excluding a sheriff and under-sheriff, the term "police officer" also excludes "commissioner of police, deputy or assistant commissioner of police, chief of police, deputy or assistant chief of police[,] or any person having an equivalent title who is appointed or employed to exercise equivalent supervisory authority." Civil Service Law § 58(3). Thus these officers, including the sheriff, need not meet the age, height, weight, and physical fitness requirements established by DCJS's Municipal Police Training Council. Civil Service Law § 58(1).

excluded from this definition. Thus, they are not subject to the training requirements established by section 209-q.

Finally, you ask about the powers granted to police officers by the Criminal Procedure Law and Penal Law that a sheriff can exercise. Because a sheriff is deemed a "police officer" by Criminal Procedure Law § 1.20(34)(b), he or she is eligible to exercise the powers granted to police officers by the Criminal Procedure Law and the Penal Law.[2]

In summary, while the sheriff is expressly not deemed a "police officer" who needs to satisfy the requirements, including training, of Civil Service Law § 58 and General Municipal Law § 209-q, he or she must be included in the police officer registry maintained by DCJS and is eligible to exercise the powers granted to police officers by the Criminal Procedure Law and the Penal Law.

We recognize the anomalous result of a sheriff being a police officer under the Criminal Procedure Law, with the attendant powers, but not being required by General Municipal Law § 209-q to receive training as to the exercise of those powers. Indeed, this conclusion differs from the conclusion we have reached with respect to police chiefs in prior opinions, because those police chiefs were not explicitly included in the Criminal Procedure Law's definition of "police officer." *See* Op. Att'y Gen. 2003-1 (village chief of police); Op. Att'y Gen. 85-F12 (municipal police chiefs and commissioners). We have been unable to identify the reason for the discrepancy between the powers of a sheriff and the lack of a requirement to obtain training relevant to the use of those powers.

We note that many sheriffs will in fact have been trained in previous positions of law enforcement employment. *See* General Municipal Law § 209-q(1)(b) (Municipal Police Training Council certificate valid during continuous service as police officer and for up to 10 years following an interruption of service under certain circumstances). The Legislature might wish to consider mandating training for all sheriffs, but absent such legislation, the decision to whether to get training rests with the sheriffs themselves.

Very truly yours,

LETITIA JAMES
Attorney General

---

[2] These powers include possessing an unlicensed firearm, Penal Law § 265.20(a)(1)(b); making an arrest without a warrant, Criminal Procedure Law § 140.10; using physical or deadly force, if necessary, to effect an arrest or prevent an escape, Criminal Procedure Law § 120.80, Penal Law § 35.30; executing arrest and search warrants, Criminal Procedure Law §§ 120.60, 690.25; and stopping and frisking a person in a public place, Criminal Procedure Law § 140.50.